UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL A. VANYO,

        Plaintiff,

    v.                                        24-CV-126-LJV-HKS
                                                    DECISION & ORDER

THE TOWN OF LANCASTER et al.,

        Defendants.
_____

        On October 10, 2023, the plaintiff, Michael A. Vanyo, commenced this action in New York State Supreme Court, Erie County. Docket Item 1-2. The complaint raised several claims against the Town of Lancaster, Richard Albert, and Christopher Keppner (collectively, the "defendants") related to his July 2022 arrest. *See id.* The defendants then removed the action to this Court, *see* Docket Item 1, and they now have moved for summary judgment, Docket Item 18.

        In connection with that motion, the defendants have moved to file under seal court documents related to Vanyo's arrest, which they have submitted as an exhibit to their summary judgment motion. *See* Docket Item 16 (motion to seal); Docket Item 18-13 (Vanyo's court file).[1] Vanyo does not oppose the motion to seal. Docket Item 17. For the reasons that follow, the defendants' motion to seal is granted.

---

[1] Docket Item 18-13 has not been publicly filed on the docket, but the defendants submitted a physical copy which the Court has reviewed.

**DISCUSSION**

Under Local Rule of Civil Procedure 5.3(a), "parties, complaints, and documents are [presumptively] publicly accessible," and "[a] party seeking to have a case, party, complaint, document, or portion of a document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law." That rule is consistent with the longstanding "'presumption of access' to judicial records," which is rooted in the Constitution as well as the common law. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)); *see also United States v. Erie Cnty.*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government.").

To determine whether a right of access attaches to a filing, the court must first decide whether the record at issue constitutes a "judicial document." *Bernstein*, 814 F.3d at 139-41. The Second Circuit has explained that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access"; instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).

If a court determines that a filing is a "judicial document[]," that document may be sealed only "if a sufficiently compelling countervailing interest is demonstrated," *see United States v. King*, 2012 WL 2196674, at *1-2 (S.D.N.Y. June 15, 2012) (citing *Lugosch*, 435 F.3d at 120) (common law standard), and the court makes "specific, on

the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," *id.* at *2 (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986)) (First Amendment standard).

As a preliminary matter, the Court concludes that the document in question—an exhibit to a motion for summary judgment—is unquestionably a judicial document and therefore subject to a strong presumption of public access.  See *Lugosch*, 435 F.3d at 121 ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.").  The defendants offer two reasons why Vanyo's court file should nevertheless be sealed: first, because it was automatically sealed under state law, and second, because doing so would protect the privacy interests of the complainant whose call led to Vanyo's arrest (and who is not a party to this action).  See generally Docket Item 16-3 at 3-4.[2]

As to the defendants' first rationale, they note that Vanyo's court file was "previously placed under seal pursuant to" N.Y. C.P.L. § 160.50.  *Id.* at 3.  "Section 165.50(1) of the New York Criminal Procedure Law provides that '[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed.'"  *Cohen v. New York City*, 2024 WL 4582368, at *1 (S.D.N.Y. Oct. 24, 2024) (quoting N.Y. C.P.L. § 165.50(1)).  "The purpose of the provision is to ensure that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation."  *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y.

---

[2] Page numbers in docket citations refer to ECF pagination.

3

2010) (quoting *MacNamara v. City of New York*, 2006 WL 3298911, at *1 n.1 (S.D.N.Y. Nov. 13, 2006) (internal quotation marks omitted)).

Although Vanyo has certainly placed the circumstances of his arrest at issue by commencing this action, the Court also recognizes that allowing "unrestricted public access to [such] documents runs a risk of misuse or unfair embarrassment." *See Monahan v. City of New York*, 2022 WL 993571, at *2 (S.D.N.Y. Mar. 30, 2022) (granting a motion to seal "arrest records and other arrest paperwork" that "describe criminal conduct for which the plaintiffs were not convicted" and had been automatically sealed under section 160.50); *see also Berlin v. Airways*, 2020 WL 3868707, at *2 (E.D.N.Y. July 9, 2020) (finding that it was "appropriate" to permit the filing under seal of criminal records from the Criminal Court of the City of New York, King's County, because the records had previously been sealed under section 160.50). Ultimately, no conviction resulted from Vanyo's arrest, *see* Docket Item 16-3 at 3, and the resulting strong privacy interest he has in his arrest records, along with the potential for those records to cause "unfair embarrassment," outweigh the countervailing presumption of public access. *See Monahan*, 2022 WL 993571, at *2 (concluding that "[the] plaintiffs' privacy interest in their arrest records outweigh[ed] the presumption of public access"); *cf. Howard v. City of Rochester*, 758 F. Supp. 3d 109, 111-12 (W.D.N.Y. 2024) ("The New York State Legislature has given invaluable protection to those who obtain favorable termination of a prosecution against them: [a]utomatic sealing of the record." (citing N.Y. C.P.L. § 160.50)).

What is more, unsealing Vanyo's court file could negatively impact the complainant, an innocent third party whose name appears frequently in the file. As the

4

Second Circuit has noted, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."  See *S.E.C. v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Because the complainant's name appears numerous times and "the documents within the court file include" his "personal identifying information," *see* Docket Item 16-3 at 3, sealing the file also serves his privacy interests.

In sum, the defendants have identified "sufficient[] . . . countervailing interest[s]" to justify sealing Vanyo's court file.  See *King*, 2012 WL 2196674, at *2.  Moreover, because the defendants seek to seal only one exhibit and have otherwise submitted all other filings made in connection with their summary judgment motion, including their memorandum of law, publicly and without redactions, their request is "narrowly tailored" to serve those countervailing interests.  *See id.*

## **CONCLUSION**

For the reasons stated above, the defendants' motion to seal, Docket Item 16, is GRANTED.  The Court will file a complete version of Docket Item 18-13 under seal.

SO ORDERED.

Dated:   January 15, 2026
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE

5